STATE OF NEBRASKA, APPELLEE, V.
THOMAS E. CRAVEN, APPELLANT.
560 N.W.2d 512

Filed March 18, 1997.    No. A-96-598.

Thomas M. Kenney, Douglas County Public Defender, and Scott C. Sladek for appellant.

Don Stenberg, Attorney General, and Jennifer S. Liliedahl for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

Irwin, Judge.

## I. INTRODUCTION

Thomas E. Craven appeals from his conviction for possession of a controlled substance, cocaine, following a stipulated bench trial. On appeal, Craven alleges that the district court erred in overruling his motion to suppress the cocaine discovered during a pat-down search. Because we conclude that the cocaine was properly discovered pursuant to the "plain feel" doctrine, we affirm.

## II. BACKGROUND

The incident which gave rise to this criminal proceeding occurred in Omaha, Nebraska, on August 27, 1995. Two Omaha police officers were on patrol when they observed a motorcycle pulling into the parking lot of an Omaha bar. The officers observed that the motorcycle did not have a license plate and that the operator of the motorcycle was not wearing a helmet. As a result, the officers executed a traffic stop. The operator, Craven, provided a Nebraska driver's license.

One of the officers, Officer Jeffrey Baker, called the criminal database for a records check on Craven. Baker was informed that there were no outstanding warrants but that Craven was a convicted felon and caution should be used as Craven could be dangerous. As a result of this information, Baker informed Craven that a pat-down search for weapons would be done. Baker then proceeded to pat down Craven. During the pat down, Baker felt something in Craven's pants pocket, which Baker believed was a marijuana smoking pipe. See Neb. Rev. Stat. §§ 28-439 through 28-444 (Reissue 1995) (drug paraphernalia statutes).

According to Baker, Craven's jeans were very tight, and Baker thus had to remove what he believed during the pat down to be, and what actually turned out to be, two disposable lighters in the pocket to allow him access to the item which Baker believed to be the marijuana pipe. Baker pulled the two lighters out of Craven's pocket, and in the process, a rock of what appeared to be crack cocaine also came out of the pocket. The item which Baker had believed was a marijuana pipe turned out to be a spark plug. Because of the discovery of the crack

cocaine, Craven was placed under arrest for possession of cocaine.

On September 18, 1995, Craven was charged by information with the crime of possession of a controlled substance other than marijuana, to wit, cocaine. See Neb. Rev. Stat. § 28-416(3) (Reissue 1995). On January 23, 1996, Craven filed a motion to suppress the physical evidence obtained as a result of the search. A hearing was held on Craven's motion on February 12. Officer Baker testified that he immediately concluded that Craven had a marijuana pipe in his pocket and that he did not manipulate the object in Craven's pocket prior to concluding that it was a marijuana pipe but simply felt it during the pat down and thought it was a marijuana pipe. At the conclusion of the hearing, the court overruled Craven's motion.

On March 22, 1996, a stipulated bench trial was held. Craven renewed his objection to the admission of the physical evidence and the court's overruling of his motion to suppress. The court found Craven guilty of possession of cocaine. On May 20, Craven was sentenced to a term of incarceration for 3 to 4 years. This timely appeal followed.

### III. ASSIGNMENT OF ERROR

On appeal, Craven assigns as error only that the district court erred in overruling his motion to suppress physical evidence.

### IV. STANDARD OF REVIEW

In an appellate court's review of a district court's determinations of reasonable suspicion to conduct an investigative stop and probable cause to perform a warrantless search, ultimate determinations of reasonable suspicion and probable cause are reviewed de novo and findings of fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge. *State v. Konfrst*, 251 Neb. 214, 556 N.W.2d 250 (1996). See, also, *Ornelas v. United States*, 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996).

### V. ANALYSIS

This appears to be a case of first impression in Nebraska. The parties have cited us to no authority, and our research has revealed none, applying the U.S. Supreme Court's doctrine of

"plain feel" as enunciated in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993). The Nebraska Supreme Court distinguished *Minnesota v. Dickerson* without adopting the plain feel doctrine in *State v. Williams*, 249 Neb. 582, 544 N.W.2d 350 (1996), and this court implied in *State v. Chitty, ante* p. 412, 559 N.W.2d 511 (1997), and in *State v. Hayes*, 3 Neb. App. 919, 535 N.W.2d 715 (1995), that the plain feel doctrine would be recognized in Nebraska. However, the doctrine has never been expressly adopted or applied in this state. As such, we will first review the development of the doctrine, then apply it to the facts of the present case.

### 1. DEVELOPMENT OF "PLAIN FEEL"

The 4th Amendment to the U.S. Constitution was made applicable to the states by way of the 14th Amendment. See *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). The Fourth Amendment guarantees the right of people to be free from unreasonable searches and seizures. The search and seizure provision of the Nebraska Constitution is identical to the federal version. See Neb. Const. art. I, § 7. The U.S. Supreme Court has held that searches and seizures conducted without warrants are per se unreasonable under the Fourth Amendment, but subject to specifically established exceptions. See *Minnesota v. Dickerson, supra.*

In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Court established one such exception to the warrant requirement. In *Terry v. Ohio*, the Court held that a police officer who observes unusual conduct which leads him or her to reasonably conclude that criminal activity is afoot may briefly detain the suspicious person and make reasonable inquiries aimed at confirming or dispelling his or her suspicion. See, also, *State v. Ryland*, 241 Neb. 74, 486 N.W.2d 210 (1992); *State v. Kimminau*, 240 Neb. 176, 481 N.W.2d 183 (1992). Additionally, the Court in *Terry v. Ohio, supra*, authorized a pat-down search to determine whether a suspicious person is carrying a weapon when an officer is justified in believing that the person may be armed and dangerous to the officer or to others. See, also, *State v. Williams, supra*; *State v. Kimminau,*

*supra*; *State v. Caples*, 236 Neb. 563, 462 N.W.2d 428 (1990); *State v. Prahin*, 235 Neb. 409, 455 N.W.2d 554 (1990).

■ The principles of *Terry v. Ohio, supra*, were expanded in *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). In *Michigan v. Long*, the Court held that in the context of a roadside encounter, the authorization of a pat-down search enunciated in *Terry v. Ohio, supra*, also authorized a protective search of the passenger compartment of the automobile. See, also, *State v. Gross*, 225 Neb. 798, 408 N.W.2d 297 (1987); *State v. Pierce and Wells*, 215 Neb. 512, 340 N.W.2d 122 (1983). The Court further held that the "plain view" doctrine applied to *Terry* stops; therefore, if an officer conducts a legitimate *Terry* search of the interior of an automobile and discovers contraband other than weapons, the evidence of contraband need not be suppressed. *Michigan v. Long, supra*. See, also, *State v. Pierce and Wells, supra*.

■ The "plain feel" doctrine became the next step in the evolution of *Terry v. Ohio, supra*, when the Court decided *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993). In *Minnesota v. Dickerson*, the Court extended the "plain view" doctrine to the sense of touch, holding that if an officer lawfully pats down a suspect's clothing during a *Terry* search and feels an object whose identity as contraband is immediately apparent because of its contour or mass and without further manipulation, the officer is authorized to seize the contraband discovered as a result thereof. Although the Court affirmed the Minnesota Supreme Court's holding that the search at issue in *Minnesota v. Dickerson* was impermissible because the officer determined that the object felt during the pat down was contraband only after further manipulation and examination prior to removal from the suspect's pocket, the plain feel doctrine was established.

## 2. Application

In the present case, there appears to be no dispute that Officer Baker believed that he felt contraband, i.e., a marijuana smoking pipe, in Craven's pocket during the pat-down search. Neither does there appear to be any dispute that Baker reached this conclusion immediately upon feeling the object during the

pat down and without any further manipulation or examination. Indeed, at the hearing on the motion to suppress, Baker specif-. ically testified that he "immediately assumed through [his] past training and experience" that it was a marijuana pipe and that he "didn't have to manipulate it or anything." Additionally, we note that there is nothing in the record which would indicate, and Craven does not allege, that Baker was searching for anything other than weapons when he conducted the pat down and happened to feel what he believed was contraband. See *State v. Williams*, 249 Neb. 582, 544 N.W.2d 350 (1996). The only dispute by Craven is whether the rock of crack cocaine discovered when Baker attempted to remove the object from Craven's pocket was properly discovered when Baker's impression that the object in Craven's pocket was a marijuana pipe subsequently turned out to be mistaken and the item was, in fact, a spark plug.

In *Minnesota v. Dickerson, supra,* the U.S. Supreme Court held that a further search of a suspect's pocket is constitutionally invalid if the officer is not able to immediately determine, without manipulation or examination, that an object felt during a pat-down search is contraband. In the present case, Officer Baker did immediately determine, without manipulation or examination, that an object he felt during the pat-down search was contraband. Although his determination proved to be incorrect, as noted above, there is no dispute that his determination was reasonable under the circumstances and considering Baker's training and experience. As such, the further search of Craven's pocket was not constitutionally invalid as was the search in *Minnesota v. Dickerson, supra*, and the subsequent discovery and seizure of the crack cocaine in the present case was likewise permissible. Baker discovered the crack while removing two lighters which had to be removed in order to reach the item which Baker believed to be a marijuana pipe. The trial court's factual findings were not clearly erroneous, and upon our de novo review of the court's ultimate determinations concerning the propriety of the search of Craven and the seizure of the cocaine, we affirm the court's ruling on the motion to suppress.

## VI. CONCLUSION

Finding no reversible error, the decision of the district court is affirmed.

AFFIRMED.