STATE OF NEBRASKA, APPELLEE, V.
THOMAS E. CRAVEN, APPELLANT.
571 N.W.2d 612

Filed December 19, 1997.   No. S-96-598.

Thomas M. Kenney, Douglas County Public Defender, and Scott C. Sladek for appellant.

Don Stenberg, Attorney General, and Jennifer S. Liliedahl for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Thomas E. Craven seeks further review of a decision of the Nebraska Court of Appeals affirming his conviction for possession of a controlled substance. See *State v. Craven*, 5 Neb. App. 590, 560 N.W.2d 512 (1997). We find no reversible error and therefore affirm the judgment of the Court of Appeals.

## FACTS

At 10:25 a.m. on August 27, 1995, two Omaha police officers patrolling an Omaha neighborhood observed a motorcyclist drive into the parking lot of a bar. The officers observed that the motorcycle did not have a license plate and that the operator was not wearing a helmet. Based upon these observed violations of the traffic code, the officers initiated a traffic stop. After obtaining the motorcyclist's operator's license, the officers identified him as Craven.

One of the officers advised Craven that he would conduct a pat-down search for weapons and proceeded to do so. The officer did not feel anything which he perceived to be a weapon. However, when he placed his hand on the outside of a front pocket of Craven's jeans, the officer felt something which he believed to be a pipe used to smoke marijuana, possession of which is unlawful in Nebraska. See Neb. Rev. Stat. §§ 28-439 through 28-444 (Reissue 1995).

The officer testified that

> the most prevalent [type of marijuana pipe] that [he had] seen is something that is homemade or home fashioned, and it consists of brass or metal pipe fittings that are screwed together, so the diameter of the pipe varies somewhat from the end, which is the bowl, to the actual portion that you put in your mouth.

He testified that based upon this experience, he immediately perceived the object in Craven's pocket to be a marijuana pipe as he slid his hand over the pocket during the pat down, and that he did not manipulate the object in order to identify it.

Because the object which he believed to be a marijuana pipe was at the bottom of Craven's pocket, the officer had to remove

other items from the pocket in order to gain access to it. He initially removed what he had perceived during the pat down to be, and what turned out to be, two disposable lighters which were on top of the suspected pipe. As he did so, an object which appeared to be, and was later confirmed to be, crack cocaine came out of Craven's pocket with the lighters. The item the officer believed to be a marijuana pipe was, in fact, a spark plug. Following the discovery and seizure of the crack cocaine, the officers arrested Craven.

On September 18, 1995, the State charged Craven by information filed in the district court for Douglas County with the crime of possession of a controlled substance other than marijuana, to wit, cocaine. See Neb. Rev. Stat. § 28-416(3) (Reissue 1995). Craven filed a motion to suppress the physical evidence obtained as a result of the pat-down search. At the hearing on that motion, the officer who conducted the search testified regarding the traffic stop, the pat-down search, and the search of Craven's pocket during which the cocaine was discovered and seized. He stated that the purpose of the pat down was to detect weapons, which were not found, and that prior to beginning the pat down, he had no reason to believe that Craven was in possession of drugs or drug paraphernalia.

The district court found that the officers had a legitimate reason to stop and detain Craven based upon their observations that he was operating a motorcycle without a license plate and was not wearing a helmet. The district court also found that because the officer had received a "caution indicator" from the police dispatcher, he had a reason to believe that Craven was dangerous and was therefore justified in conducting the pat-down search. The district court then concluded:

> And the fact that this item that he thought was a — I think a marijuana pipe — turned out to be something else, a spark plug, I don't think that is relevant. It appears that the police officer used — certainly acted appropriately and had reason to believe that it was a marijuana pipe. It isn't a case where he felt around and twisted and moved it and everything else to determine exactly what it may be.

Based on these findings, the district court overruled Craven's motion to suppress the physical evidence discovered during the

pat-down search. Following a bench trial on stipulated facts, during which Craven preserved his objection to the evidence obtained as a result of the pat-down search, he was convicted of possession of cocaine and sentenced to a term of incarceration of not less than 3 nor more than 4 years at hard labor. Craven perfected a timely appeal to the Court of Appeals, assigning as error the overruling of his motion to suppress.

The Court of Appeals found that the case presented an issue of first impression in this state, i.e., the application of the "plain-feel" doctrine announced by the U.S. Supreme Court in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993). See *State v. Craven*, 5 Neb. App. 590, 560 N.W.2d 512 (1997). After concluding that the plain-feel doctrine represented a legal extension of principles announced in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983), the Court of Appeals determined that because the officer concluded immediately, without manipulation or examination, that the object he felt during the pat-down search was contraband, the seizure of objects including crack cocaine from inside the pocket was constitutionally permissible despite the officer's mistaken tactile identification of the object which proved to be a spark plug.

We granted Craven's petition for further review.

## ASSIGNMENT OF ERROR

Craven contends that the Court of Appeals erred in determining that the district court properly overruled his motion to suppress the crack cocaine discovered and seized by police as they attempted to gain access to the object which they mistakenly suspected to be a marijuana pipe.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress evidence obtained through a warrantless search, an appellate court conducts a de novo review of determinations of reasonable suspicion and probable cause. *Ornelas v. United States*, 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); *State v. Konfrst*, 251 Neb. 214, 556 N.W.2d 250 (1996). Once this has been done, the appellate court reviews the trial court's findings

of fact, giving due weight to the inferences drawn from those facts by the trial judge. In making this determination, the appellate court does not reweigh the evidence or resolve conflicts in the evidence, but recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. See, *State v. Ready*, 252 Neb. 816, 565 N.W.2d 728 (1997); *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996).

## ANALYSIS

Craven contends that the warrantless seizure of crack cocaine from his pocket during the traffic stop violated his rights under U.S. Const. amend. IV, which protects citizens against unreasonable searches and seizures by the government. See, *State v. Newman*, 250 Neb. 226, 548 N.W.2d 739 (1996); *State v. Neely*, 236 Neb. 527, 462 N.W.2d 105 (1990). While searches and seizures conducted pursuant to a warrant supported by probable cause are generally considered to be reasonable, warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to a few " ' "specifically established and well-delineated exceptions" ' " which must be " ' "jealously and carefully drawn" . . .' " and applied only where there is a showing that " ' "the exigencies of the situation made that course imperative." ' " *State v. Newman*, 250 Neb. at 236, 548 N.W.2d at 748, quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971). In the case of a search and seizure conducted without a warrant, the State has the burden of showing the applicability of one or more of the exceptions to the warrant requirement. *State v. Newman, supra.*

In this case, the State contends that the seizure of crack cocaine was justified under exceptions to the warrant requirement recognized in *Terry v. Ohio, supra,* and *Minnesota v. Dickerson, supra.* In *Terry*, the Supreme Court held that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot, the officer may briefly stop the suspicious person and make reasonable inquiries aimed at dispelling his suspicions. In addition, the Court held that if, after identifying himself and making initial inquiries which do not dispel his reasonable suspicions, the officer "is justified in believing that

the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," the officer may conduct a pat-down search "to determine whether the person is in fact carrying a weapon." *Terry v. Ohio*, 392 U.S. 1, 24, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). However, if the pat-down search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid and its fruits will be suppressed. *Sibron v. New York*, 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). We have followed the rule established in *Terry*. See, *State v. Williams*, 249 Neb. 582, 544 N.W.2d 350 (1996); *State v. Caples*, 236 Neb. 563, 462 N.W.2d 428 (1990).

The Court of Appeals correctly characterized the holding in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993), as evolving from *Terry*. In *Dickerson*, the Supreme Court held that an officer may make a warrantless seizure of nonthreatening contraband detected during a pat-down search permitted by *Terry*, so long as the search stays within the bounds marked by *Terry*. The Court reached this conclusion by drawing an analogy to the previously recognized "plain-view" doctrine, which permits police officers to seize an object without a warrant if they are lawfully in a position from which they can view the object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object. *Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990). See *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). The Court stated in *Dickerson:*

> The same can be said of tactile discoveries of contraband. If a police officer lawfully pats down a ·suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

508 U.S. at 375-76. Rejecting an argument that the plain-view analogy was inappropriate because the sense of touch is less

immediate and reliable than the sense of sight, the Court noted that the sense of touch is deemed sufficiently reliable to justify a seizure of weapons following a *Terry* pat down, and added:

> Even if it were true that the sense of touch is generally less reliable than the sense of sight, that only suggests that officers will less often be able to justify seizures of unseen contraband. Regardless of whether the officer detects the contraband by sight or by touch, however, the Fourth Amendment's requirement that the officer have probable cause to believe that the item is contraband before seizing it ensures against excessively speculative seizures.

*Minnesota v. Dickerson*, 508 U.S. at 376.

Having thus recognized what has become known as the plain-feel doctrine, the Court in *Dickerson* held that it could not be used to justify the seizure at issue in that case. In *Dickerson*, a police officer conducting a pat-down search for weapons felt a "small lump" in the defendant's pocket, which he manipulated with his fingers and concluded to be crack cocaine wrapped in cellophane. The officer then reached inside the pocket and extracted the cocaine. Noting that the defendant did not challenge the lower courts' finding that police were justified under *Terry* in stopping him and conducting a pat-down frisk for weapons, the Court framed the dispositive question as "whether the officer who conducted the search was acting within the lawful bounds marked by *Terry* at the time he gained probable cause to believe that the lump in respondent's jacket was contraband." *Minnesota v. Dickerson*, 508 U.S. at 377. The Court answered this question in the negative, based upon the factual finding of the lower courts that the officer did not " ' "immediately" ' " recognize the lump as crack cocaine, but came to that conclusion only after " 'squeezing, sliding and otherwise manipulating the contents of the defendant's pocket'—a pocket which the officer already knew contained no weapon." 508 U.S. at 378. The Court concluded that the officer's "continued exploration" of the defendant's pocket after determining that it did not contain a weapon was unrelated to the sole justification of the search under *Terry*, namely, " 'the protection of police officers and others nearby,' " *Minnesota v. Dickerson*, 508 U.S. 366 378, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993), quoting *Terry*

*v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); and it therefore "amounted to the sort of evidentiary search that *Terry* expressly refused to authorize . . . and that we have condemned in subsequent cases. . . ." *Minnesota v. Dickerson*, 508 U.S. at 378.

Although this court recently discussed and distinguished *Dickerson* in *State v. Williams*, 249 Neb. 582, 544 N.W.2d 350 (1996), we have not previously adopted and applied the plain-feel doctrine. Because a warrantless seizure of nonthreatening contraband under *Dickerson* cannot occur in the absence of an investigative stop and pat-down search permissible under *Terry*, we must begin our determination of the applicability of *Dickerson* in this case with the traffic stop which occurred when officers observed that there was no license plate on the motorcycle operated by Craven and that he was not wearing a helmet.

In *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996), we held that a police officer's observation of a vehicle being operated without license plates or in-transit tags is a sufficient basis for a brief investigatory stop. We note in this case that Craven has not challenged the justification for either the initial traffic stop or the pat-down search which followed. Craven concedes:

> In the case at hand the facts indicate that the appellant was driving with out [sic] a helmet or license plates and was lawfully stopped and provided identification. After the appellant was identified as a felon the police officer took the proper precautions to ensure his own safety and conducted a frisk as allowed by *Terry v. Ohio* . . . .

Brief for appellant in support of petition for further review at 2. Thus, for purposes of resolving this appeal we assume without deciding that the initial stop and pat down for weapons were permissible under *Terry*.

The facts of this case do not fall squarely within the plain-feel doctrine articulated in *Dickerson*. It is undisputed that the police officer did not feel and therefore did not identify the crack cocaine in Craven's pocket when he performed the pat-down search. He initially perceived the controlled substance by observation while removing items from Craven's pocket in order to retrieve the metallic object which he identified by touch during the pat down as a marijuana pipe, but which

proved to be a spark plug. The visual identification of the substance occurred before the officer had ascertained that the object at the bottom of Craven's pocket was not contraband as he had suspected.

Thus, the issue on which the legality of the seizure rests is whether the officer was legally justified in placing his hand in Craven's pocket and extracting the objects which it contained. We have held that under *Terry* a search must be carefully limited to a search for weapons and that a search for both weapons and controlled substances is beyond the scope permitted under *Terry. State v. Williams, supra.* See, also, *State v. Kimminau,* 240 Neb. 176, 481 N.W.2d 183 (1992); *State v. Evans,* 223 Neb. 383, 389 N.W.2d 777 (1986). It is undisputed that by the time the officer reached into Craven's pocket, he had satisfied himself that it did not contain a weapon. However, we agree with the Court of Appeals that there is nothing in the record to indicate that the officer was searching for anything other than weapons when he conducted the pat down and that there is no evidence that the pat down itself was conducted outside the scope permitted by *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), in that there was no manipulation or other examination of the objects perceived by touch. In our view, therefore, the legality of what transpired after the pat down depends upon whether the officer's tactile perception of what he believed to be a marijuana pipe contained at the bottom of Craven's pocket constituted probable cause to place his hand inside the pocket in order to retrieve the object.

"Probable cause means ' "a fair probability that contraband or evidence of a crime will be found." ' " *State v. Konfrst,* 251 Neb. 214, 229, 556 N.W.2d 250, 262 (1996), quoting *United States v. Sokolow,* 490 U.S. 1, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989). Accord *Illinois v. Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Probable cause is determined by a standard of objective reasonableness, i.e., whether the known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that contraband or evidence of crime will be found. *Ornelas v. United States,* 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996). *Terry* established that touching the outside of a person's clothing may provide

probable cause to believe that the person has a concealed weapon, thereby permitting an officer to reach inside the clothing to retrieve the weapon without first obtaining a warrant. *Dickerson* established that the same degree of touching permitted under *Terry* may provide sufficient probable cause to believe that the person has concealed nonthreatening contraband, thereby permitting the officer to reach inside the clothing to seize the contraband. To that extent, we adopt the rule stated in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993).

Neither the parties' briefs nor our research has revealed a post-*Dickerson* case with facts precisely parallel to those in this case. However, two decisions by the U.S. Court of Appeals for the District of Columbia Circuit are instructive. In *U.S. v. Gibson,* 19 F.3d 1449, 1451 (D.C. 1994), the court held that an officer who felt a " 'hard,' 'flat,' 'angular' object" in a suspect's pocket during a pat down did not have probable cause for the ensuing search which revealed cocaine in a second pair of trousers worn by the suspect. The officer testified that the object which he touched "did not feel like anything a person might normally carry in his pocket," *id.*, but the officer did not testify how often he had encountered such an object or relate anything from his experience to correlate such objects to criminal activity. Noting the government's difficulty in "explaining how a hard, flat, angular object in someone's pocket would lead a law enforcement officer of reasonable caution to believe an offense had been or is being committed," the court stated that such an object "does not correspond with rocklike crack cocaine, or the twigs and leaves of marijuana, or capsules containing prescription drugs." *Id.*

In *U.S. v. Ashley,* 37 F.3d 678 (D.C. 1994), the same court held that probable cause for seizure of drugs from a suspect's underwear existed where an officer experienced in the packaging and transportation of narcotics testified that when he felt a hard object under the suspect's trousers while patting down his groin area, he immediately associated the object with crack cocaine even though he was not absolutely certain that the object was cocaine until conducting a more invasive search.

Craven contends that because the object which the officer believed to be a marijuana pipe proved to be a spark plug, the intrusion into his pocket cannot be justified. We agree with the Court of Appeals that the mistaken identification is not controlling as to whether there was probable cause for the officer to remove items from Craven's pocket in order to seize the suspected contraband. Rather, we believe the question must be determined on the basis of whether, given the historical facts, a reasonable person in the officer's position would have believed that Craven had concealed contraband on his person. In resolving this issue, we accept the trial court's findings of historical fact because we find that they are not clearly erroneous, but we make a de novo determination of the existence of probable cause, as did the Court of Appeals.

When the officer slid his hand over the outside of Craven's jeans pocket during the pat down, he immediately perceived an object composed of metal fittings which was wider at one end than the other. Based upon his training and experience, and without manipulation or further examination, he was able to correlate an object having these contours to an object of criminal activity, namely, a pipe used to smoke marijuana. In the same pocket, the officer felt two objects which he perceived to be, and were in fact, disposable lighters. Based upon our de novo review, we conclude that these facts would cause a reasonable law enforcement officer to believe that Craven's pocket contained a pipe used to smoke marijuana, the possession of which is unlawful under § 28-441. The officer was therefore justified in placing his hand in Craven's pocket in order to retrieve what he reasonably believed to be contraband. Because the rock of crack cocaine was discovered while the officer was acting on the basis of probable cause in seizing the suspected contraband and before he discovered that it was actually a spark plug, the warrantless seizure of the controlled substance was also justified, and the motion to suppress was properly denied.

For the reasons discussed, we agree with the decision of the Court of Appeals and affirm the judgment of conviction.

AFFIRMED.